IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALEX WHEELER                                                                  PLAINTIFF

v.                          CIVIL NO. 16-5183

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Alex Wheeler, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his application for SSI on October 3, 2013, alleging an inability to work since September 3, 2013, due to suffering a heart attack on that date. (Tr. 146.) An administrative hearing was held on September 24, 2014, at which Plaintiff appeared with counsel and testified and a vocational expert (VE) also testified. (Tr. 25-43).

By written decision dated April 1, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. Specifically, the ALJ found that Plaintiff had the following severe impairments: chronic ischemic heart disease and obesity. (Tr. 14.) However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of

---

[1]Nancy A. Berryhiill has been appointed to serve as acting Commisioner of Social Security and is substituted as the Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-15.) The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work, except the Plaintiff could only occasionally climb, balance, stoop, kneel, crouch and crawl and was limited to jobs that did not require depth perception. (Tr. 15-17). With the help of a VE, the ALJ determined that Plaintiff could perform work as a fast food worker and cashier II. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request for review on May 25, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE